IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01216-NRN

JEAN PAUL NTIPUSHWAMABOKO,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Aurora Contract Detention Facility,
GEORGE VALDEZ, Field Office Director, Denver,
TODD BLANCHE, Acting U.S. Attorney General,
DAVE VENTURELLA, Acting Director of Immigration & Customs Enforcement, and
U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.[1]

---

**ORDER**

---

This case is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") filed *pro se* by Jean Paul Ntipushwamaboko ("Petitioner"). ECF No. 15. Pursuant to 28 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECF No. 26. For the reasons that follow, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 15 at 1. According to Petitioner, he is a native and citizen of Rwanda and has lived in the United States for twenty-six years. *Id.* at 5. Petitioner alleges he was arrested by ICE in October 2025 and has been in custody since that time. *Id*. He

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez, Todd Blanche, and David J. Venturella are automatically substituted as Respondents.

further alleges his post-removal order detention now exceeds eight months. *Id.* Petitioner contends he cannot be removed to Rwanda, and no third country is willing to accept him. *Id*. He further asserts a prior similar detention in 2018, which ended with release in December 2019 when a third country did not accept him. *Id.* Petitioner seeks immediate release, arguing that his continued detention violates his due process rights under the Fifth Amendment of the Untied States Constitution as recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 2.

Respondents were ordered to show cause why the Petition should not be granted. ECF No. 18. On June 22, 2026, Respondents filed a Response. ECF No. 23. In the response, "Respondents maintain that Petitioner's detention is lawful and do not concede that it is unlawful, [b]ut for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. Respondents note that, should the Court order Petitioner's release, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security. *Id.* at 1- 2.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. Respondents do not dispute that Petitioner is subject to a final order of removal,

and Respondents apparently concede that the statutory authority for Petitioner's detention arises from 8 U.S.C. § 1231. ECF No. 23 at 1.

When a noncitizen is ordered removed, removal should ordinally be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Respondents do not dispute that Petitioner's detention under § 1231 exceeds the presumptively reasonable six-month period to effect his removal established by the Supreme Court in *Zadvydas.* Therefore, Petitioner bears the initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court finds that Petitioner has met his initial burden because Respondents do not contest Petitioner's assertions that he cannot be removed to Rwanda and no third country is willing to accept him.

Because Petitioner meets his initial burden, the burden shifts to Respondents to submit evidence sufficient to rebut that showing. *Id.* Respondents have not met their burden.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is being detained in violation of the Fifth Amendment, and the Court will grant the Petition and order Petitioner's release from custody pursuant to 28 U.S.C. § 2241(c)(3). Respondents may impose on Petitioner reasonable conditions of release or supervision. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 15) is **granted**. It is further

**ORDERED** that Petitioner shall be released from custody within **24 hours of this Order.** It is further

**ORDERED** that Respondents shall file a status report within **two (2) days** of this Order certifying compliance.

Dated: July 16, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge